UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOKHEAN KEO,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN OF THE MESA VERDE ICE PROCESSING CENTER, et al,<br><br>    Respondent. | Case No. 1:24-cv-00919-HBK (HC)[1]<br><br>ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 4) |

Before the court is Petitioner's motion for a temporary restraining order. (Doc. No. 4, "Motion"). Petitioner, an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the Mesa Verde ICE Processing Center in Bakersfield, California, has pending a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241 challenging his prolonged detention without a bond hearing. (Doc. No. 1, "Petition"). For the reasons set forth below, the Court denies the Motion.

**I. BACKGROUND**

On August 8, 2024, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 claiming he has been detained in immigration custody for over 18 months without a bond

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 9).

1  hearing in violation of the due process clause of the Fifth Amendment. (Doc. No. 1 at 2). As

2  relief, the Petition seeks release from custody or, in the alternative, Respondent should be ordered

3  to schedule a hearing before an immigration judge. (*Id*. at 18).

4        The same day, Petitioner filed the instant Motion. Petitioner states he has been in ICE

5  custody for approximately one year and eight months without a bond hearing and seeks a

6  temporary restraining order directing Respondents to immediately release him from custody or

7  provide him with a bond hearing before a neutral decisionmaker. (Doc. No. 4). The Motion

8  otherwise contains no argument or facts. (*See generally Id*.). On August 16, 2024, Respondent

9  filed an opposition to Petitioner's motion for a TRO, arguing it should be denied as it

10 inappropriately requests the ultimate relief sought in the Petition and deprives Respondent of a

11 full and fair opportunity to investigate and respond to the Petition. (Doc. No. 11).

## II. APPLICABLE LAW AND ANALYSIS

13       The primary purpose of a preliminary injunction is preservation of the status quo. *See,*

14 *e.g., Ramos v. Wolf*, 975 F.3d 872, 887 (9th Cir. 2020). More specifically, the purpose of a

15 preliminary injunction is preservation of the Court's power to render a meaningful decision after a

16 trial on the merits. *See, e.g., Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Barth v.*

17 *Montejo*, 2021 WL 1291962, at *1 (E.D. Cal. Apr. 7, 2021). It is meant to maintain the relative

18 positions of the parties and prevent irreparable loss of rights before a trial and final judgment.

19 *See, e.g., Camenisch*, 451 U.S. at 395; *Ramos*, 975 F.3d at 887; *Doe #1 v. Trump*, 957 F.3d 1050,

20 1068 (9th Cir. 2020). A preliminary injunction may assume two forms. *Marlyn Nutraceuticals,*

21 *Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878 (9th Cir. 2009). Prohibitory injunctions

22 prevent a party from acting, thus maintaining the status quo. *Id*. A mandatory injunction directs

23 some responsible party to act. *Id*. at 879.

24       The legal principles applicable to requests for injunctive relief, such as a temporary

25 restraining order or preliminary injunction, are well established. To prevail, the moving party

26 must show that irreparable injury is likely in the absence of an injunction. *See Stormans, Inc. v.*

27 *Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (*citing Winter v. Natural Res. Def. Council, Inc.*,

28 555 U.S. 7, 20–22 (2008)); *see also All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th

Cir. 2011). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009); *see Stormans*, 586 F.3d at 1127; *Cottrell*, 632 F.3d at 1131. Under *Winter*, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. *See, e.g., Winter*, 555 U.S. at 20; *Stormans*, 586 F.3d at 1127; *Cottrell*, 632 F.3d at 1131.

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions, with the exception that preliminary injunctions require notice to the adverse party. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126 (E.D. Ca. 2001); *see also* Fed. R. Civ. P. 65(a). Eastern District of California Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date. Local Rule 231(a)-(b) (E.D. Cal. 2019). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A preliminary injunction is an extraordinary remedy that is not awarded as of right. *Winter*, 555 U.S. at 24; *Cottrell*, 632 F.3d at 1131. The burden to achieve injunctive relief is particularly high when a party seeks a mandatory injunction. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Mandatory injunctions go beyond an injunction preventing a party from acting, and thus beyond mere maintenance of the status quo. *See id*. They require a party to act. *Id*. District courts must deny requests for mandatory injunctions unless the law and facts clearly favor a moving party. *Id*. The Court will not grant such requests in doubtful cases. *Id*.

Here, Respondent argues Petitioner's Motion is improper and should be denied because he "seeks only to alter the status quo by issuing an expedited order that would grant him the ultimate

3

relief [he] seeks in his petition." (Doc. No. 11 at 3). The Court agrees. In his 2-page Motion, Petitioner summarily requests that he be released from custody or provided with a bond hearing, which is precisely the same ultimate relief sought in his underlying Petition. (*Compare* Doc. Nos. 1 and 4). "[I]t is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits." *Mendez v. U.S. Immigrations and Customs Enforcement*, 2023 WL 2604585, at *3 (N.D. Cal. Mar. 15, 2023) (citing *Univ. of Tex.*, 451 U.S. at 395) (denying Plaintiff's motion for a TRO); *Senate of Cal. v. Mosbacher*, 968 F.2d 974, 978 (9th Cir. 1992) ("In general, that kind of judgment on the merits in the guise of preliminary relief is a highly inappropriate result.").

Moreover, Petitioner's Motion is procedurally deficient. Because a temporary restraining order provides extraordinary relief, a movant must comply with the procedural requirements set forth in Federal Rules of Civil Procedure 65 (b) and Local Rule 231. Rule 65(b) permits the court to issue a TRO only if (1) specific facts in the affidavit or underlying pleading show that immediate and irreparable injury, loss, or damage will result before the opposing party may be heard; and (2) the movant certifies in writing efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1). This Court's Local Rules also sets forth certain procedural mandates for a temporary restraining order to issue, including that the movant provide the following documents: (1) an underlying pleading; (2) a motion for temporary restraining order; (3) a brief on the relevant legal issues; (4) an affidavit to support the existence of irreparable harm; (4) an affidavit detailing the notice or efforts undertaken or showing good cause why notice should not be given; (5) a proposed temporary restraining order and provision for bond; and (6) a proposed order with blank for fixing time and date for a hearing. Local Rule 231(c) (E.D. Cal. 2022). Critical is that there is no affidavit attesting to notice, no briefing on the any legal issue, and no affidavit to support irreparable harm, in addition to not supplying the proposed orders. Based on the procedural infirmities alone the Court may deny the Motion. *Bennett v. Ponce*, No. LA-CV-18-04996-VBF-AS, 2019 WL 8589408, at *1 (C.D. Cal. Jan. 24, 2019). Nor has Petitioner made any argument whatsoever addressing the *Winter* factors. *See Winter*, 555 U.S. at 20.

For the foregoing reasons, Petitioner fails to meet his burden to demonstrate he is entitled to this extraordinary form of injunctive relief, and his Motion will be denied without prejudice. The Court, however, may exercise its discretion and call for an expedited response to the Petition.

Accordingly, it is ORDERED:

Petitioner's motion for temporary restraining order (Doc. No. 4) *is denied*

Dated:   August 28, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

.

5