1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SOKHEAN KEO,                              Case No.  1:24-cv-00919-HBK (HC)

12                   Petitioner,               ORDER REQUIRING RESPONSE TO
                                               PETITION FOR WRIT OF HABEAS
13        v.                                   CORPUS, SETTING BRIEFING SCHEDULE,
                                               AND DIRECTING SERVICE OF
14   WARDEN OF THE MESA VERDE ICE              DOCUMENTS
     PROCESSING CENTER, et al,
15                                             (Doc. No. 1)
                     Respondent.
16

17

18

19

20        Before the Court is Petitioner Sokhean Keo's operative petition for writ of habeas corpus

21   under 28 U.S.C. § 2241 docketed on August 8, 2024.  (Doc. No. 1, "Petition").  Petitioner is an

22   immigration detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the Mesa

23   Verde ICE Processing Center in Bakersfield, California, challenging his prolonged detention

24   without a bond hearing.  (*Id*.).  Specifically, Petitioner claims he has been detained in immigration

25   custody for over 18 months without a bond hearing in violation of the due process clause of the

26   Fifth Amendment.  (*Id*. at 2).  As relief, the Petition seeks release from custody or, in the

27   alternative, Respondent should be ordered to schedule a hearing before an immigration judge.

28   (*Id*. at 18).

1    The Court has conducted a preliminary review of the petition.  *See* R. Governing § 2254

2    Cases 4; 28 U.S.C. § 2243.  Under Rule 4,[1] a district court must dismiss a habeas petition if it

3    "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d

4    687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  It is not clear

5    from the face of the petition whether Petitioner is entitled to relief.  28 U.S.C. § 2243.

6    Accordingly, it is hereby **ORDERED:**

7    1.  No later than **forty-five (45) days** from the date of entry of this Order, Respondent is

8    **DIRECTED** to respond to the Petition and show cause why the petition should not be

9    granted.  A response may be one of the following:

10    (A) An answer addressing the merits of the petition.  This response, which may not

11    exceed fifty (50) pages in length without the court's leave, must set forth the facts

12    and procedural history of the case and address each ground, allegation, and argument

13    raised in the petition.  **Conclusory statements and summary arguments that**

14    **petitioner is not entitled to relief are not acceptable responses.**

15    (B) A motion to dismiss the petition.  This limited response must include only

16    portions of the record necessary for the court to decide the bar to a merits review.

17    2.  Respondent is **DIRECTED** to electronically file all documents necessary for

18    resolving the issues presented in the petition.  *See* R. Governing Section 2254

19    Cases 5(c).

20    3.  If Respondent files an answer to the petition, Petitioner may file a reply within

21    **thirty (30) days** of the date of service of Respondent's answer.  The reply

22    must not exceed twenty (20) pages without the court's leave.  If no reply is

23    filed within thirty (30) days, the petition and answer are deemed submitted.

24    The Court will not address new grounds raised in the reply.  *See United States*

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  <u>See</u> Rule 1 of the Rules Governing Section 2254 Cases.  Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions."  Fed. R. Civ. P 81(a)(2).

*v. Cox* 7 F.3d 1458, 1463 (9th Cir. 1993).

4.  If Respondent moves to dismiss, Petitioner must file an opposition or statement of non-opposition within **twenty-one (21) days** of the date of service of Respondent's motion.  Any reply to an opposition to the motion to dismiss must be filed within **seven (7) days** after the opposition is served.

5.  The Clerk of Court is directed to send an electronic copy of this Order and a copy of the Petition and all exhibits on the Office of the United States Attorney for the Eastern District of California, and to mail a copy of this order to Petitioner.

7.  All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.

8.  Extensions of time will be granted only upon a showing of good cause.


Dated:    September 12, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3